## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OBED RAHEEM HOYTE, | : | Civil No. 3:16-cv-1204 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN USP ALLENWOOD, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to

28 U.S.C. § 2241 filed by petitioner Obed Raheem Hoyte ("Hoyte"), a federal inmate

incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania.

Hoyte challenges a sentence imposed by the United States District Court for the Western

District of Virginia for convictions of conspiracy and drug trafficking charges.  (Doc. 1).

Despite a guilty verdict, Hoyte claims he is actually innocent of one of the crimes against

him because: (1) as in *Bailey v. United States*, 516 U.S. 137 (1995), there is no evidence to

show an active employment of a firearm in relation to a drug trafficking crime; and, (2) there

has been an intervening change in substantive law which results in his firearms conviction

no longer being criminal.  (Doc. 1 at 3-4).  Preliminary review of the petition has been

undertaken, *see* R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below,

---

[1]    Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

the petition will be dismissed for lack of jurisdiction.

## I.    Background

On March 30, 1993, Hoyte and several co-defendants were indicted in the United

States District Court for Western District of Virginia on various drug, firearms, and murder

charges. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 1). In

December 1993, a jury convicted Hoyte under 21 U.S.C. § 846 and 18 U.S.C. §§ 2, 924©,

and 1959(a)(1) for conspiracy to distribute and distribution of cocaine base, use of a firearm,

and murder for the purpose of improving or maintaining his position in a Racketeer

Influenced and Corrupt Organizations Act ("RICO") enterprise. *Id.* at (Doc. 141). On March

24, 1994, the district court sentenced Hoyte to life in prison. Hoyte appealed his sentence

and raised numerous trial errors. *Id.* at (Doc. 193). On appeal, the Fourth Circuit Court of

Appeals affirmed the judgment of conviction. *United States v. Hoyte*, 51 F.3d 1239 (4th Cir.

1995). The United States Supreme Court denied Hoyte's petition for writ of certiorari.

*Hoyte v. United States*, 516 U.S. 935 (1995).

On October 22, 2006, Hoyte filed a motion for a new trial based on newly discovered

evidence. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 239). The

district court denied the motion as time-barred. Hoyte then filed an appeal to the Fourth

Circuit Court of Appeals. On appeal, the Fourth Circuit Court affirmed the district court's

---

to notify the petitioner." *See* R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *Id.* at R.1(b).

denial of the motion for a new trial. However, the Court of Appeals did not affirm the denial based on the untimeliness of the motion; rather, the Court of Appeals found that Hoyte failed to demonstrate that he was entitled to a new trial. *United States v. Hoyte*, 125 F.3d 849 (Table) (4th Cir. 1997).

On November 9, 2000, Hoyte filed a motion to correct sentence. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 291). On May 21, 2001, the district court granted Hoyte's motion to correct sentence, vacated his life sentence, sentenced him to 360 months in prison as to count one, and ordered that all other provisions of the sentence remain the same. *Id.* at (Doc. 306). Hoyte appealed to the Fourth Circuit Court of Appeals, which dismissed the appeal on November 16, 2001. *United States v. Hoyte*, 22 F. App'x 146 (4th Cir. 2001).

On January 18, 2005, Hoyte filed another motion to modify and correct his sentence. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 326). The district court found no basis upon which to reduce his sentence, and dismissed the motion. *Id.* at (Doc. 330).

In January 2006, Hoyte filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Hoyte v. United States*, Civil No. 7:06-cv-78 (W.D. Va.) at (Doc. 1). On February 10, 2006, the district court dismissed the motion as successive. *Id.* at (Docs. 2, 3). Hoyte filed a motion for reconsideration arguing that the § 2255 motion

3

should not have been dismissed as successive because the court recharacterized an earlier post-conviction motion as his initial § 2255 motion without notice. *Id.* at (Doc. 4). The district court agreed, and granted Hoyte's motion for reconsideration. *Id.* at (Docs. 5, 6). On reconsideration, the district court ultimately dismissed the § 2255 motion as without merit. *Id.*; *Hoyte v. United States*, 2006 WL 2375526 (W.D. Va. Aug. 16, 2006).

On November 21, 2007, Hoyte filed another request seeking to have his sentence reduced. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 332). The district court construed the request as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Id.* at (Doc. 335). The district court noted that Hoyte did not obtain certification from the court of appeals to file a second or successive § 2255 motion. *Id.*; *United States v. Hoyte*, 2007 WL 4200967 (W.D. Va. Nov. 27, 2007). Therefore, the district court dismissed the § 2255 motion as successive. *Id.*

On December 10, 2008, Hoyte filed another motion to reduce sentence. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 366). The district court denied the motion for reduction of sentence. *Id.* at (Doc. 367); *United States v. Hoyte*, 2008 WL 5341046 (W.D. Va. Dec. 22, 2008).

On November 17, 2011, Hoyte filed a motion to reduce his sentence. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 388). On December 13, 2011, the district court found that Hoyte was ineligible for a reduction of sentence, and denied the

4

motion. *Id.* at (Doc. 399).

On February 17, 2012, Hoyte filed a "request for judicial notice" setting forth claims under § 2255. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 402). On February 24, 2012, the district court construed the document as a § 2255 motion and dismissed it as successive. *Id.* at (Docs. 405, 407); *United States v. Hoyte*, 2012 WL 603237 (W.D. Va. Feb. 24, 2012). The district court again noted that Hoyte failed to obtain certification from the court of appeals to file a second or successive § 2255 motion. *Id.*

On March 10, 2014, Hoyte filed a motion wherein he again challenged the validity of his conviction. *United States v. Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 413). On March 13, 2014, the district court found that the motion was properly construed as a motion to vacate, set aside, or correct sentence pursuant to § 2255, and dismissed the motion as successive. *Id.* at (Docs. 414, 415). On January 7, 2016, Hoyte filed a "motion to set aside, void 28 USC § 2255 judg[]ment, thus reopening petitioner's 2255 motion pursuant to Rule 60(b):(4) and (6) of the Federal Rule[s] of Civil Procedure," which the district court construed as a motion for reconsideration of its March 13, 2014 order. *Id.* at (Doc. 459). On April 11, 2016, the district court concluded that Hoyte's last § 2255 motion was properly dismissed as successive. *Id.* at (Doc. 463). Therefore, the court denied the motion for reconsideration. *Id.*

On November 6, 2015, Hoyte filed a motion to reduce sentence. *United States v.*

5

*Hoyte*, Criminal No. 3:93-cr-10 (W.D. Va.) at (Doc. 452).  On November 20, 2015, the

district court granted the motion and reduced Hoyte's sentence to 352 months in prison.  *Id.*

at (Doc. 458).

Hoyte filed the instant petition on June 20, 2016.  (Doc. 1).  He requests that the

court vacate his sentence on count three, and order his immediate release.  (*Id.* at 14-15).

## II.   Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in

violation of the Constitution may generally be brought only in the district of sentencing

pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing

*Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d

Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a

second or subsequent 2255 petition unless the request for relief is based on "newly

discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255(h); 28 U.S.C. §

2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances

where the remedy available under section 2255 is inadequate or ineffective to test the

legality of detention.  *See* 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that

this exception is extremely narrow).  Section 2255 may be inadequate or ineffective when a

federal prisoner is in an unusual position of having no earlier opportunity to challenge his

6

conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." *Dorsainvil*, 119 F.3d at 251-52. Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id.*, *citing Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence."). *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

It is apparent that Hoyte's petition is not viable under 28 U.S.C. § 2241, as he is once again attempting to challenge his conviction and sentence. Hoyte has already filed several motions pursuant to § 2255 in the District Court for the Western District of Virginia. However, he has not filed requests in the Fourth Circuit Court of Appeals seeking

permission to file a second or successive § 2255 motion. Hoyte has not presented any reason for allowing him to resort to § 2241. The circumstances under which a petitioner may properly seek relief pursuant to § 2251 have been previously noted herein. The rejection of a petitioner's claims because they have already been litigated or are time-barred does not present a basis on which a petitoner may challenge his conviction or sentence pursuant to § 2241. Rather, it is a recognition that the court will not adjudicate claims that have already been addressed or are bereft of jurisdiction. Additionally, Hoyte's lack of success in his 2255 proceedings does not establish that the remedy afforded by section 2255 was inadequate or ineffective for him, nor does any limitation he might now have in filing additional successive 2255 motions.

To the extent that Hoyte attempts to raise a *Bailey* challenge to his sentence, this Court is, likewise, without jurisdiction to entertain such a claim.

In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court held that, in order for a defendant to be convicted for using or carrying a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1), the government must prove that the defendant "actively employed the firearm during and in relation to the predicate crime." *Bailey*, 516 U.S. at 150. However, *Bailey* was later reversed by statute to cover possession of a firearm as well as use. *See United States v. O'Brien*, 560 U.S. 218, 232-233 (2010) (discussing statutory amendment known as the "*Bailey* fix").

8

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the petitioner was convicted for violation of 18 U.S.C. § 924(c)(1) and sought to have his conviction vacated in light of the intervening precedent set down in *Bailey*. In *Dorsainvil*, the petitioner sought to amend his previous § 2255 petition, but the Third Circuit Court of Appeals denied the petitioner's attempt to file a second petition under § 2255 because he did not meet the strict requirements for filing a second § 2255 petition. *Dorsainvil*, 119 F.3d at 247-48. But, the appellate court denied certification for leave to file a second petition without prejudice to the petitioner's right to file a habeas petition pursuant to § 2241, thereby leaving the door open for a § 2241 claim. However, the Court of Appeals was careful to point out the narrow nature of its holding. The Court noted that § 2255 was not inadequate or ineffective as to the petitioner simply because he could not meet the gatekeeping requirements to file an amended § 2255 petition, but because of "Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Id.* at 251. The holding that § 2255 was inadequate or ineffective was, therefore, "a narrow one," limited to the "unusual situation" where *Bailey* was decided after the petitioner's first § 2255 petition was decided. *Id.* at 251-52.

The instant case does not fall within the narrow ambit of the holding in *Dorsainvil*. Hoyte had several opportunities to challenge his conviction in his previous § 2255 motions

9

in the Western District of Virginia.  These motions were filed and decided after *Bailey*, thus removing Hoyte from the situation recognized in *Dorsainvil* as presenting a basis for the filing of a petition pursuant to § 2241 notwithstanding the failure to meet the requirements for filing a second 2255 petition.  As such, Hoyte has not proven that § 2255 is inadequate or ineffective.  Hoyte has failed to show he falls within the limited exception recognized in *Dorsainvil*, and his petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

## III.   Conclusion

For the reasons set forth above, the Court lacks jurisdiction to consider the habeas petition.  Therefore, the petition will be dismissed.  Notably, dismissal will be without prejudice to Hoyte's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence.  An appropriate order shall issue.

Date: August 23, 2016

Robert D. Mariani
United States District Judge